

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Alex Jung
County Attorney
Gillespie County
Fredericksburg, Texas

Dear Sir:                Opinion No. O-3644
                         Re: Registration of tattoo ear
                             marks and firebrands for
                             livestock.

         We have your letter discussing the applicable stat-
utes and requesting our opinion on the following questions:

         "The articles mentioned do not prescribe
    that an 'ear mark' means actually splicing
    or cutting off a part of the ear of the ani-
    mal; nor that a 'brand' means a firebrand.

         "Therefore, is a tattoo mark in the ear
    such an 'ear mark' or 'brand' as may be reg-
    istered or recorded by the County Clerks in
    the books kept by them for that purpose?

         "If in your opinion the answer is 'yes,'
    would the registered owner of a previously
    recorded firebrand be protected under an un-
    recorded but identical mark or brand in tat-
    too?

         "If such registered owner would not be
    so protected, would the County Clerk be re-
    quired, upon application by such owner, to
    record the tattoo mark or brand provided a
    search of such record did not disclose such
    a prior tattoo mark or brand?  (At present
    the records do not disclose any tattoo mark
    or brand to have been registered.)

         "Under the provisions of the Statutes
    the owner appears to be prohibited from re-
    cording more than one brand in the county of

Honorable Alex Jung, Page 2

his residence, etc. Under these provisions, could a tattoo mark or brand in the ear (such tattoo mark being different but similar to the firebrand theretofore registered) be recorded? If so, would the registration of such tattoo mark or brand protect the registrant?

"Is it permissible for the registered owner of a firebrand to abandon same and substitute a similar or different tattoo mark or brand therefor?"

The applicable statutes, to which you refer in your letter, are Articles 6890 and 6898, Revised Civil Statutes of Texas, 1925, which read as follows:

"Article 6890. Every person who has cattle, hogs, sheep or goats shall have an ear mark and brand differing from the ear mark and brand of his neighbors, which ear mark and brand shall be recorded by the county clerk of the county where such animals shall be. No person shall use more than one brand, but may record his brand in as many counties as he deems necessary.

"Article 6898. The clerks of the county courts in their respective counties shall keep a well bound book, in which they shall record the marks and brands of each individual who may apply to them for that purpose, noting in every instance the date on which the brand or mark is recorded."

It is to be noted that Article 6899, which provided that unrecorded brands "shall not be recognized in law as any evidence of ownership", was repealed in 1929.

As you point out, the statutes do not prescribe the manner in which the "ear marks" and "brands" shall be placed upon the animals. The purpose of such ear marks and brands and of the statutes regulating the use thereof is to provide a permanent and positive means of identification and proof of ownership of the animals. We believe that a tattoo mark, if applied in a manner so as to provide a positive and permanent means of identification will fulfill the purpose of the statutes and consequently may be recorded in like manner as other ear marks or brands.

Honorable Alex Jung, Page 3

In connection with your second question we wish to call attention to the rule announced in our Opinion No. 0-1104, copy of which is enclosed herewith -- that the place on the animal's body on which a brand is used is as much a part and designation of the brand as the design of the brand itself. Consequently, we believe that should the owner of a registered firebrand, which has been used on the right shoulder of the animal, desire to use the same design or symbol as a tattoo ear mark, it would be necessary for him to record such tattoo ear mark in the office of the county clerk in order to receive the protection of the above quoted statutes thereon.

In reply to your third question, it is our opinion that the county clerk should, upon application, record a tattoo mark in the same manner as an ear-clip-mark or firebrand.

As we construe Article 6890, a person may register one ear mark and also may register one brand. The two need not be identical. See Dugat v. State, 148 S. W. 789.

Replying to your fifth question, we are of the opinion that the owner of a registered firebrand may at any time change the same by filing a new brand with the county clerk.

In connection with the foregoing, we wish to point out that any brands, ear marks, flesh marks or any distinguishing characteristics of an animal are admissible in evidence regardless of registration to prove the identity of the animal. The general rules relating to brands are set out in Texas Jurisprudence.

39 Tex. Jur. 324 -- "* * * an unrecorded brand was admissible for the purpose of proving the identity of animals, if ownership with that brand was otherwise proven by any proper testimony.

"A record of a brand that complies with the law is evidence of the ownership of stock."

2 Tex. Jur. 909 -- "Under the general rules of evidence the fact that an animal is branded with a certain brand and that a named person is the owner of that brand, is admissible in evidence. It does not require a statute to make brands and marks admissible in evidence -- they are so by virtue of the rules governing evidence -- and are intrinsically proof

of ownership."

We trust that the foregoing satisfactorily answers your several questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 12, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By _Walter R. Koch_
Walter R. Koch
Assistant

WRK:RS

ENCLOSURE



APPROVED
OPINION
COMMITTEE